UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| L. D. SEXTON,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-466 |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the

Commissioner of Social Security, filed by the plaintiff, L. D. Sexton, on May 28, 2025. For the

following reasons, the decision of the Commissioner is **AFFIRMED**.

*Background*

The plaintiff, L. D. Sexton ("Sexton"), filed an application for Title II benefits on August

4, 2022, alleging a disability onset date in January 2019. [DE 12]. The Social Security

Administration ("SSA") initially denied Sexton's claims on February 13, 2023 and on

reconsideration on September 25, 2023. (Tr. 104-15, 117-24). Following a hearing,

Administrative Law Judge ("ALJ") Penny Loucas issued an unfavorable decision on June 25,

2024. (Tr. 7-20). The Appeals Council denied Sexton's request for review on April 10, 2025,

making the ALJ's decision the final decision of the Commissioner. (DE 12).

At step one of the five-step sequential analysis for determining whether an individual is

disabled, as defined in the Social Security Act ("SSA"), the ALJ found that Sexton met the

insured status requirements of the SSA through December 31, 2020, and that Sexton did not

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

engage in substantial gainful activity since January 9, 2020. (Tr. 12).

At step two, the ALJ determined that Sexton had the medically determinable impairments of right hip osteoarthrosis status-post open reduction with internal fixation ("ORIF") of the right hip and obesity. (Tr. 13). The ALJ found that Sexton's depression and substance use disorder were not medically determinable. *Id.*

At step three, the ALJ concluded that Sexton did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13).

Following step three, the ALJ then assessed Sexton's residual functional capacity (RFC), holding as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). In addition, the claimant can never climb ladders/ropes/scaffolds and can occasionally perform all other remaining postural activities. The claimant must avoid work that involves frequent exposure to cold, vibration, and humidity. The claimant can have no work around unprotected heights, can never perform commercial driving, and can never operate dangerous moving machinery or tools such as power saws and jackhammers.

(Tr. 14).

At step four, the ALJ found that Sexton was unable to perform any past relevant work. (Tr. 18).

At step five, the ALJ relied on vocational testimony and found that Sexton could perform a significant number of jobs which existed in sufficient numbers in the national economy, including a cleaner, housekeeper, cafeteria attendant, and mail clerk. (Tr. 19). As a result, the ALJ found that Sexton was not disabled, as defined in the Social Security Act. *Id.*

### *Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Lothridge v. Saul*, 984 F.3d 1227, 1232 (7th Cir. 2021); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025) (quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022)); *Lincoln v. Bisignano*, 2026 WL 1097727 at *2 (7th Cir. Apr. 23, 2026); *Liapis v. Bisignano*, No. 24-3170, slip op. at 4 (7th Cir. July 6, 2026). A reviewing court does not "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Moore*, 743 F.3d at 1121. Instead, the court's role is to "examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions." *Id.*; *Lothridge*, 984 F.3d at 1233. To warrant reversal, the burden is on the claimant to "point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social

Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that his impairment is so severe that he cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill*, 587 U.S. 97, 107–08 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry

4

is case-by-case).

Sexton has requested that the court remand this matter for additional proceedings. In his appeal, he challenges the ALJ's compliance with evaluating Dr. Alicia Julovich, M.D.'s consultative opinion, which was more limiting than other doctor opinions that the ALJ did adopt.

1. **Substantial Evidence Supports the ALJ's Decision and the ALJ Sufficiently Weighed the Opinion of Consultative Examiner Dr. Julovich**

The RFC finding must account for all of a claimant's physical and mental limitations. Accordingly, an ALJ's failure to fully consider even non-severe limitations within the RFC finding warrants remand and reversal. *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). An RFC finding which does not account for all a claimant's limitations is not supported by substantial evidence. *Lothridge v. Saul*, 984 F.3d 1227, 1232-33 (7th Cir. 2021).

In making her RFC determination, the ALJ discussed Sexton's symptoms and medical record. (Tr. 14-18). Sexton argues that the ALJ did not adequately consider Dr. Julovich's evaluation. [DE 12]. Specifically, Sexton states that Dr. Julovich opined he was unable to walk for at least two hours in an eight-hour day but was able to lift/carry less than 10 pounds frequently or over 10 pounds occasionally. (Tr. 468). While Sexton reported hip pain to Dr. Julovich, he also informed her that he was not taking any pain medications to address it. (Tr. 16).

The ALJ reviewed each consultative examiner's notes and explained how they were consistent with the record. In fact, the ALJ even proscribed a more limited RFC than expressed by examiners as to environmental limitations due to Sexton maintaining he had continuous balance issues. (Tr. 18). The ALJ detailed Dr. Shayne Small's and Dr. J.V. Corcoran's opinions and evaluated them against the record, finding that both were persuasive. In the same way, the

ALJ detailed Dr. Julovich's opinion and found that she "did not provide a detailed explanations [sic] for the given limitations." (Tr. 17).

Sexton argues that the ALJ was obligated to contact Dr. Julovich before disregarding her opinion. [DE 12]. That argument misrepresents the ALJ's findings. Pursuant to 20 C.F.R. § 404.1519p(b) and 20 C.F.R. § 416.919p(b), "if the report is inadequate or incomplete," the SSA "will contact the medical source who performed the consultative examination, given an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report*." See Delta M. v. Bisignano*, 2026 WL 532361, at *8 (N.D. Ind. Feb. 25, 2026). Nowhere in the ALJ's discussion of Dr. Julovich did she say that the doctor's opinion was vague or incomplete. In fact, the ALJ explicitly stated what in the record contradicts Dr. Julovich's opinion:

a. "degree of limitations is not fully supported by examination findings had that the claimant had the ability to ambulate normally and findings of normal muscle strength other than 4/5 strength in the lower extremities;"
b. "other examination findings that the claimant can walk without assistive devices and with imaging of the right hip that consistently noted stable findings (Exhibit 5F/4; 6F/14; 3F/2)."

(Tr. 17). A disagreement with the ALJ's reasoning differs from a finding it was insufficient or statutorily improper.

An ALJ is free to determine that a claimant's alleged impairments are not supported by the medical and nonmedical evidence. 20 C.F.R. § 416.920c(b)(2), (c)(1)-(2) (regulatory factors of supportability and consistency are the most important factors ALJs consider when determining persuasiveness of prior administrative medical findings). An ALJ must consider all medical opinions and, even though the ALJ is not required to address each piece of evidence, a logical bridge between the evidence and conclusions is necessary. 20 C.F.R. § 404.1527(b,c); *Roddy v.*

6

*Astrue*, 705 F.3d 631, 636 (7th Cir. 2013); *Rabdeau*, 155 F.4th at 913 (quoting *Denton*, 596 F.3d at 425).

This court does not have jurisdiction to reweigh evidence that the ALJ considered. *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000) ("this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled") (citing *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999)). The requisite standard for an ALJ's evaluation as "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2023) (quoting *Moore*, 743 F.3d at 1121). Here, the court is able to analyze the ALJ's assessment of Dr. Julovich in consideration of the record as a whole.

Additionally, the ALJ discussed that the record reflected substantial improvement following Sexton's hip surgery and subsequent rehab. (Tr. 16). In fact, "the record indicates an almost one-year gap" between Sexton's treatments. *Id.* In May 2022, Sexton presented to the Emergency Room needing treatment for an eyebrow laceration. (Tr. 16; Tr. 446). Sexton indicated that the laceration occurred while he was using a gutter cutting machine, thereby acknowledging that, not only was he working, but he was working on ladders. Falling off a ladder was the catalyst for Sexton's major hip surgery in 2020. (Tr. 363).

### *Conclusion*

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED**.


ENTERED this 21st day of July, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge